UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 07-382-GWU


RUTH A. BAKER,                                                                    PLAINTIFF,


VS.                               **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


## INTRODUCTION

Ruth Baker brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

07-382  Ruth A. Baker

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a <u>de</u> <u>minimis</u> hurdle in the disability determination process.  <u>Murphy v. Secretary of Health and Human Services</u>, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." <u>Farris v. Secretary of Health and Human Services</u>, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  <u>Id</u>., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work.  <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which

2

07-382  Ruth A. Baker

appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);

3

07-382  Ruth A. Baker

however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Baker, a 53-year-old cook with a high school education, suffered from impairments related to degenerative disc disease of the lumbar spine.  (Tr. 352, 354).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 358).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 358-359).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 357).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the

4

07-382  Ruth A. Baker

current record also does not mandate an immediate award of DIB.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Ralph Crystal included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to lift more than 10 pounds frequently or occasionally; (2) a "restricted" ability to push or pull with the lower extremities; (3) a need to avoid exposure to hazards; (4) a inability to more than occasionally climb, balance, kneel, or stoop; and (5) an inability to ever crouch or crawl. (Tr. 599).[1]  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 599-600).

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error.  Baker was found capable of performing a restricted range of light level work in an administrative decision which became final on January 5, 2004.[2]  (Tr. 15-24).  Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application.  Drummond v. Commissioner of Social

--------

[1]The ALJ specifically indicated that he was adopting the residual functional capacity found by the prior ALJ in the January, 2004 denial decision.  (Tr. 598).

[2]The undersigned affirmed this denial decision on March 21, 2005.  Baker v. Barnhart, London Civil Action No. 04-184 (March 21, 2005).

07-382  Ruth A. Baker

Security, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . ."  The ALJ's finding of a restricted range of light level work is in accord with these directives.  None of the treating or examining physicians who saw the plaintiff during the time period relevant to this appeal, such as Dr. George Chaney (Tr. 525-547, 569-580), identified the existence of more severe physical restrictions than those found by the ALJ.  Dr. Calixto Hernandez (Tr. 472-481) and Dr. Ronald Brown (Tr. 517-524), the non-examining medical reviewers, each opined that "new and material" evidence had not been introduced which would warrant a change in the prior ALJ's residual functional capacity assessment.  The evidence cited by Baker for the proposition that deterioration had occurred in her physical condition, such as the opinion of Dr. James Templin (Tr. 581-587), was dated from the previously adjudicated time period and already found not to support the plaintiff's disability claim.  (Tr. 18). Therefore, substantial evidence supports this portion of the ALJ's denial decision.

Baker also asserts that the ALJ erred in finding that she was not disabled under Rule 201.10 of the Medical-Vocational Guidelines.  The plaintiff argues that this rule would be applicable since she was found limited to lifting no more than 10

6

07-382  Ruth A. Baker

pounds and, so, could not perform light level work as erroneously found by the ALJ. However, the vocational expert specifically noted that while the jobs he cited did not require lifting more than 10 pounds, they were classified as light level positions.  (Tr. 600).  Therefore, the court finds no error on this point.[3]

"New and material" evidence exists which suggests that the ALJ erred in concluding that Baker did not suffer from a "severe" mental impairment during the time period pertinent to the current appeal.  (Tr. 355).  Dr. Kevin Eggerman examined the plaintiff in March of 2004, during the relevant time frame, and reported that "from a psychiatric perspective, she meets the criteria for a chronic depression or dysthymia."  (Tr. 486).  Dysthymia was diagnosed by the examiner. (Tr. 485).  Dr. Eggerman noted that the claimant would be "mildly to moderately" impaired in such areas as handling detailed instructions, interacting with the public, supervisors and co-workers, and responding appropriately to work pressures in the usual work setting.  (Tr. 486).  These are significant limitations which appear to meet the definition of a "severe" impairment, a condition being more than a "slight abnormality which has such a minimal effect on the individual that it would not be

---

[3]This argument was also presented to the court by the plaintiff when the earlier appeal was before the undersigned in March of 2005.  At that time, the undersigned was of the opinion that the maximum lifting limitation of 10 pounds was a typographical and harmless error since the ALJ clearly intended to base his denial decision on the opinion of Dr. Abdulkader Dahhan, an examining consultant, who thought that the claimant could lift up to 20 pounds.  Baker v. Barnhart, London Civil Action No. 04-184 at pages 8-9.

07-382  Ruth A. Baker

expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." Farris, 773 F.2d at 88. Thus, Dr. Eggerman's opinion supports the existence of a "severe" mental impairment.

Baker sought treatment for her mental problems at the Kentucky River Comprehensive Care Center. In March of 2004, she was diagnosed with a major depression of moderate severity. (Tr. 560). While specific mental restrictions were not identified, this opinion provides additional support for the plaintiff's claim. No treating or examining mental health professional during the relevant time period specifically ruled out that the claimant suffered from a "severe" mental impairment.

Psychologists Larry Freudenberger (Tr. 488) and Ann Demaree (Tr. 503), the non-examining medical reviewers, each opined that Baker's mental health problems were not "severe." However, each reviewer merely stated that the prior administrative decision should be adopted without addressing Dr. Eggerman's mental restrictions. (Tr. 500, 515). The administrative regulations provide "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 404.1527(d0(1). The ALJ should at least have sought the advice of a mental health professional who addressed this question. Therefore, a remand of the action for further consideration is required.

07-382  Ruth A. Baker

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 27th day of August, 2008.


**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**

9